UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AARON JOSEPH CUNNINGHAM,

                Plaintiff,

v.

SPOKANE COUNTY JAIL, ITS JUDICIAL OFFICERS, and STATE OF WASHINGTON,

                Defendants.

No. 2:19-cv-00301-SMJ

**ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND APPOINTMENT OF COUNSEL**

Before the Court, without oral argument, is Plaintiff Aaron Joseph Cunningham's Motion for Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order, ECF No. 9, and Motion for Appointment of Counsel, ECF No. 15. Plaintiff is a pretrial detainee at the Spokane County Jail. Defendants have not been served. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the motions.

**INJUNCTIVE RELIEF**

Plaintiff asks the Court to order that all pretrial detainees receive access to all the same privileges as those persons who have been released on bail. ECF No. 9 at 2. He wants to be allowed to go to the store to purchase "comfort items" and to have

a television in his cell. He wants access to microwaves, personal clothes, shoes, jewelry, and hats. *Id.* He wants "no locked doors," "smoking areas," and visitation with loved ones at "all hours." *Id.*

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. To obtain a temporary restraining order, a plaintiff generally must make the same showing required for a preliminary injunction. *See E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 762 (9th Cir. 2018) (citing *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009)).

A pretrial detainee's claims regarding conditions of confinement are analyzed under the Fourteenth Amendment Due Process Clause, which guarantees such detainees the right to be free from conditions of confinement that amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)).

A detainee's desire to be free from discomfort does not rise to the level of a

fundamental liberty interest under the Fourteenth Amendment:

> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. Traditionally, this has meant confinement in a facility which, no matter how modern or how antiquated, results in restricting the movement of a detainee in a manner in which he would not be restricted if he simply were free to walk the streets pending trial. Whether it be called a jail, a prison, or a custodial center, the purpose of the facility is to detain. Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility. And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into "punishment."

*Bell*, 441 U.S. at 537.

Jails, just like prisons, "are responsible for maintaining internal order and discipline [and] for securing their institutions against unauthorized access or escape." *Id.* at 548 n.30 (quoting *Procunier v. Martinez*, 416 U.S. 396, 404 (1974)). "There is no basis for concluding that pretrial detainees pose any lesser security risk than convicted inmates." *Bell*, 441 U.S. at 546 n.28. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting." *Id.* at 540.

Here, Plaintiff's request for "comforts" for pretrial detainees clearly does not entitle him to the extraordinary relief of either a preliminary injunction or a temporary restraining order. Thus, the motion is denied.

## APPOINTMENT OF COUNSEL

Generally, a person has no right to counsel in civil actions. However, the Court has discretion to designate counsel pursuant to 28 U.S.C. § 1915(e)(1) in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

At this time, the record does not reflect exceptional circumstances. Plaintiff's situation is not unlike that of other incarcerated individuals, and the Court has not yet determined that he has filed a legally sufficient complaint. Thus, the motion is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order, **ECF No. 9**, is **DENIED**.

2. Plaintiff's Motion for Appointment of Counsel, **ECF No. 15**, is **DENIED**.

//

//

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to *pro se* Plaintiff.

**DATED** this 19th day of November 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge